# HUTCHINS *v.* HUTCHINS.

---

EXECUTORS AND ADMINISTRATORS; PARTIAL DISTRIBUTION; WILLS; PROBATE COURT, JURISDICTION OF.

1. The statutory power of the probate court in certain circumstances, to direct an administrator to make partial distribution, may be exercised pending the probate of a will, by issuing such a direction to a collector appointed for the estate, who has been given the power of administration, *pendente lite*, as expressly authorized by statute. (Construing secs. 306 and 391, D. C. Code [31 Stat. at L. 1238, 1251, chap. 854].)

2. A provision in a will deferring the division of the estate until a certain time does not prevent the distribution before that time of that part

of the income not set aside for the payment of debts, under a further provision that all income or proceeds arising from the sale of any part of the estate and from life insurance shall be deposited in a bank, and that, after setting aside as nearly as possible one third of the net income, or a larger amount, if the executors shall so decide, which shall be applied to the reduction of the indebtedness of the estate, the executors shall, at stated and regular intervals, as they may agree, pay over to each of the beneficiaries the proportion bequeathed to him.

3. The right of a beneficiary to receive a share of the income before the date set by the will for distribution of the estate is not affected by a provision in the will that, in case of the beneficiary's death without issue, the share belonging to her shall become the property of the other beneficiaries, where the statute empowering the probate court to order a partial distribution at the suit of a beneficiary authorizes it to deliver to the petitioner any part of what it "shall suppose" will be his distributive share, provided the petitioner gives bond for its return if circumstances so require.

4. The fact that a will makes the distribution of the income a duty of the executors does not, where such distribution is mandatory, unless all executors and trustees concur in deferring it, preclude the probate court from ordering the distribution by a collector acting as administrator pending the probate of the will.

No. 2574. Submitted October 9, 1913. Decided December 1, 1913.

HEARING on an appeal by the petitioner from a decree of the Supreme Court of the District of Columbia, holding a Probate Court, dismissing her petition for partial distribution of the estate of her deceased husband. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District holding a probate court, dismissing appellant's petition for a partial distribution of the estate of her late husband, Stilson Hutchins, under the provisions of sec. 391 of the Code [31 Stat. at L. 1251, chap. 854].

In *Hutchins* v. *Dante,* 40 App. D. C. 262, there was involved a prior petition of appellant herein, filed on the equity side of the supreme court, in which an order was sought directing said Dante as *trustee* to pay appellant a certain proportion of the

net income from said estate. It was there held that the juris-
diction of equity over trust estates does not embrace the power
of distribution conferred by statute on the probate court.

Thereupon appellant, Rose Keeling Hutchins, on May 16,
1913, filed her petition herein. The averments material to the
disposition of this appeal are that she is the widow of the late
.Stilson Hutchins, who died April 21, 1912; that on the 8th
day of May, 1912, there was filed for probate in the court below
a paper writing dated October 26, 1910, alleged to be the last
will of the deceased; that in the petition for probate, which was
filed by two of the executors named in such alleged will, it was
averred that the decedent's estate consisted of personalty valued
at $1,155,685 and real estate valued at $3,347,000, with the
following obligations, namely, secured on the personal prop-
erty $360,875, on real estate $1,223,647, unsecured $7,000;
that a caveat to the said paper writing was filed by Lee Hutch-
ins, a son of the decedent, and the court appointed the trustee,
William J. Dante, collector of the estate, and thereafter con-
ferred upon him the powers of an administrator as provided by
sec. 306 of the Code [31 Stat. at L. 1238, chap. 854]; that
all decedent's obligations were well known, and that there are
no obligations of any extent not included in the estimate made
in the petition for probate. Appellant further sets forth that
under the will offered for probate, she is devised thirty-five
per cent (35%) of the whole estate absolutely; that by an ear-
lier will, which is in the record, she is devised forty per cent
(40%), and, if no will is probated, she is entitled to one third
of the personal estate and her dower interest in the real estate;
that she is desirous of taking advantage of the devise to her
contained in the will offered for probate, provided it is probated.

In the answer of the executors they aver that the personal
estate of said decedent "is primarily liable" for all of the obli-
gations referred to. They admit that, when they filed the peti-
tion for the probate of said alleged last will and testament,
they stated all of the obligations of the decedent that were at
that time known to them, and that they have since learned of
none other of any magnitude. In the answer of Lee Hutchins,

the caveator of said will, it is stated that the net income from the personal estate does not exceed $30,000 per year. It is insisted, however, in this, as in the answer of the executors, that the personalty is liable for all of the indebtedness of the estate.

The court did not pass upon the various issues of fact involved, but rested its decision upon a question of law. The court observed that if the will offered for probate were established, appellant's right would be a present right susceptible of present enforcement. The court then proceeded briefly to analyze the earlier will, and reached the conclusion that, under that will, no part of the estate may be paid to appellant or any other devisee until after the expiration of five years from the death of the decedent, and hence that appellant's right under this earlier will may not be said to be a present right. "Therefore," said the court, "unless and until both of said wills shall be overthrown, or the first-mentioned will shall be established, or unless and until the petitioner shall renounce all rights under both of them, it cannot be said that she has a present right entitling her to the benefits of sec. 391 of the Code [31 Stat. at L. 1251, chap. 854]." The petition was therefore dismissed and this appeal taken.

*Mr. John C. Gittings* and *Mr. J. Morrill Chamberlin* for the appellant.

*Mr. J. J. Darlington, Mr. Myer Cohen,* and *Mr. William G. Johnson* for Lee Hutchins.

*Mr. R. Ross Perry, Mr. E. H. Thomas,* and *Mr. C. H. Merillat* for the appellees.

*Mr. F. C. Brandenburgh* for the collector.

Mr. Justice ROBB delivered the opinion of the Court:

Under sec. 391 of the Code a partial distribution of an estate

may be made by the probate court when any person entitled, after payment of debts, shall be in want of subsistence, or greatly straitened in circumstances, and shall apply to that court by petition and satisfy the court that he is in need of subsistence, or greatly straitened in circumstances, "and that it probably will not require more than one half of the assets to discharge the debts." If the court is satisfied upon these questions of fact, it may direct the administrator to deliver to the petitioner any part of what the court "shall suppose will be his distributive share, or any part of a legacy or bequest in money not exceeding one third part," providing petitioner gives bond with surety to the administrator for the return of such advance if circumstances require.

The first question which we are called upon to determine is whether relief in the present case may be granted under this statute, pending the probate of the will. Under sec. 306 of the Code [31 Stat. at L. 1238, chap. 854], the collector of an estate may be directed to discharge *pendente lite* the duties of an administrator. It is conceded that these powers were conferred upon the collector in the present case. This collector, therefore, for the time being, is an administrator within the meaning of sec. 391, and, having the custody and control of the personalty belonging to the estate, he is as much subject to the direction of the probate court, so far as the personal estate is concerned, as would be the permanent administrator. In other words, there is now in being a person whom the court may direct to carry out an order based upon said sec. 391. This person is the mere agent of the court, who, in executing such order, exercises no discretion, but merely puts into effect the court's will.

In this case it is conceded that if the present will shall be established, or if neither will is established, appellant will have a present right entitling her to relief under this section. We will look, therefore, to the earlier will to see whether, under that instrument, if it shall be established, she will have such right. We are clearly entitled to do this, as otherwise it would be impossible to determine whether appellant has stated a case within the meaning of sec. 391. By that will, after a few small

bequests, decedent devises his property as follows: To his wife, the appellant, four tenths; to his son Walter, three tenths; to his son Lee, two tenths; and to Mildred Rogers, a granddaughter, one tenth. He then appoints his wife, sons, and William J. Dante, his executors and trustees, and confers upon them full charge of the estate, with power to sell and convey any portion of the same by deed or mortgage. He then provides that, at the end of five years after his death, if all his executors and trustees shall agree thereto, and can arrive at an amicable division of the estate on the basis of the share allotted to each, after providing for the discharge of the several bequests, they may proceed to such division. The following then appears: "I desire that the said executors and trustees employ as accountant or secretary, Mr. William J. Dante, at a fair salary to be fixed by them, and that all income or proceeds arising from the sale of any part of the estate, and from the life insurance, be deposited in the name of the said executors and trustees in the Washington Loan & Trust Company (as depository only), and that, after setting aside, as nearly as possible, one third of the net income, or a larger amount if they shall so decide, which shall be applied to the reduction of the indebtedness of the estate, the said executors or trustees shall at stated and regular intervals, as they may agree, pay over to each of the beneficiaries named, to wit, my wife and my two sons and Mildred Rogers, the proportions herein bequeathed to them respectively." In another paragraph it is provided that in case of the death of either of the sons or wife of the testator, without issue, their respective shares shall lapse and become the property of the survivors. It is conceded by the appellant that she has no present right to any part of the corpus of the estate under this will. The question, therefore, is whether she has any present right to any part of the income from the personal estate, if any, the real estate being under the control of the equity court. *Hutchins* v. *Dante,* 40 App. D. C. 262, 271.

The reason why the testator should have deferred the division of the corpus of the estate for a period of at least five years is clear. He was leaving a large estate, an estate of several mil-

lions of dollars, but one encumbered by indebtedness. Evidently fearing that immediate settlement of the estate might result in undue shrinkage, he deferred a final settlement for at least five years. He then provided that, after all annual charges should be met, at least one third of the net income remaining, or a larger amount if his executors and trustees should so decide, should be applied to the reduction of the indebtedness of the estate. Unless, therefore, the executors and trustees should decide to set aside more than one third of the net income,—and under the terms of this provision we think the testator intended to restrict the amount to one third unless all the executors and trustees concurred in the decision to set aside a larger amount,—two thirds of the net income would remain. It is insisted, on the one hand, and this was the view of the court below, that this amount must be added to the corpus, or at least that it may not be distributed until the expiration of five years from the date of the death of the testator. On the other hand, appellant insists that it was the intent of the testator, and that the language used is susceptible of a construction that will give effect to such intent, that this balance of the net income "shall at stated and regular intervals," as the executors may agree, be paid to the wife, sons, and granddaughter in the proportions to which they are respectively entitled. We incline to the latter view. It is inconceivable that the testator should have intended to cut off his wife, to whom he had left more than her legal share of his estate, from any income for a period of five years. It is inconceivable that, after deferring a division of the corpus of the estate five years for the purpose of a partial liquidation of the indebtedness, he should have applied one third only of the net income towards the liquidation of such indebtedness, and allowed two thirds of the income to accumulate. Had he intended to defer the distribution of this income, as well as the corpus of the estate, for the period named, clearly he would have provided that the entire income should be applied toward the liquidation of the indebtedness. The fact that two thirds of this income was to be set aside shows very clearly that it was in the mind of the testator thereby to provide

an income for his wife, sons, and granddaughter; and the language used, we think, is susceptible of this construction, for he says that such two thirds *shall* be distributed. The words, *"as they may agree,"* we think refer merely to the frequency of the intervals, and not to the right to receive distribution. In other words, it was clearly the intent of the testator that distribution of this part of the income should be made. Assuming, and perhaps it was a violent assumption, that the beneficiaries named would be able to agree as to the frequency of the intervals,—a mere detail,—he in effect left that to them, for all save one was to be an executor and trustee. However, should they fail to agree, the court would be empowered to direct when payment should be made.

It is further urged that the appellant's right to any part of this income is not a present one, because of the provision that in case of her death without issue, the share bequeathed and belonging to her shall become the property of the other beneficiaries. It is conceded that she is alive, and clearly she is entitled, while living, to her proportion of this income, as otherwise the very purpose of the testator's provision as to the division of the income would be defeated. If the will is established, and she is not then in being, the question will arise whether her interest in the income up to the time of her death has lapsed. Unless such a contingency shall arise, the question need not be determined, for sec. 391 [31 Stat. at L. 1251, chap. 854] authorizes the court to deliver any part of what the court *shall suppose* will be the distributive share, or any part of the legacy or bequest in money not exceeding one-third part thereof. The requirement that a bond shall be given was evidently intended to meet just such a situation as now confronts us. That is to say, appellant being entitled to a percentage of the income of the estate until her death, or until its distribution under the terms of the will, the court may reasonably determine what her supposed share of that income will be, and direct payment of the proper part of that share to her.

It is still further insisted that, inasmuch as, under the will, it is the executors and trustees who are to make the distribution

of this income, the probate court in this proceeding is power-less to act.   We have found that distribution of this income is mandatory unless all the executors and trustees concur in de-ferring it.   In the circumstances of the case, therefore, their duty in respect to the payment of income is merely ministerial, and the collector, acting as administrator, may, under the court's direction, temporarily perform that duty.

The decree will be reversed, with costs, and the cause re-manded for further proceedings not inconsistent with this opin-ion.                                *Reversed and remanded.*